United States District Court
Middle District of Florida
Jacksonville Division

**CLAYTON MILLER,**

        *Plaintiff,*

V.                                                    **No. 3:15-CV-390-J-PDB**

**DIRECTV, LLC,**

        *Defendant.*

_____

## Order

Clayton Miller alleges DIRECTV, LLC, violated the Telephone Consumer Protection Act (TCPA), the Fair Debt Collection Practices Act (FDCPA), and the Florida Consumer Credit Collections Practices Act (FCCPA). Doc. 6. DIRECTV moves for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted or for dismissal, transfer, or a stay under the first-filed rule based on a putative class action pending in the United States District Court for the Central District of California that had been initiated years before this case. Doc. 12. He opposes the motion. Doc. 13. DIRECTV replies. Doc. 16.

The TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" "to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the

called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii). An "automatic telephone dialing system" is equipment with "the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). The TCPA creates a private cause of action. 47 U.S.C. § 227(b)(3). The action must begin within four years of the violation date. 28 U.S.C. § 1658(a); *Coniglio v. Bank of Am., N.A.*, Nos. 14-15793, 15-11637, 2016 WL 413149, at *1 n.1 (11th Cir. Feb. 3, 2016) (unpublished).

The FDCPA prohibits a debt collector from "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number" and from calling "without meaningful disclosure of the caller's identity." 15 U.S.C. § 1692d. A "debt collector" is anyone "who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Creditors are not subject to the FDCPA absent debt-collection activities under another name to indicate a third person is collecting or attempting to collect the debts. *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1313 (11th Cir. 2015). The FDCPA also creates a private cause of action. 15 U.S.C. § 1692k.

The FCCPA prohibits anyone from claiming, attempting, or threatening "to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not

exist." Fla. Stat. § 559.72(9). The FCCPA also creates a private cause of action. Fla. Stat. § 559.77.

Miller filed the original complaint on March 27, 2015. Doc. 1. In an amended complaint, he asserts DIRECTV violated the TCPA, FDCPA, and FCCPA based on the following allegations. Doc. 6 ¶¶ 1–34.

Miller resides in Duval County. Doc. 6 ¶ 2. Since December 2009 when he opened an account with Sprint and continuing after November 2014 when he switched to AT&T, he has been the only user of cellular telephone number (904) 386-####. Doc. 6 ¶¶ 6–7. He has no prior business relationship with DIRECTV, no delinquent debt, and no account in collection. Doc. 6 ¶ 12. In or around January 2010, DIRECTV began calling (904) 386-####. Doc. 6 ¶ 8. The calls came from a different number than the one on its website. Doc. 6 ¶¶ 9, 11. He answered at least 20 times. Doc. 6 ¶ 9. When he answered "a call" from DIRECTV, "he was eventually routed to a human being, at which time he told them that they were calling a wrong number, that the number was his alone and that no one else had access to the phone." Doc. 6 ¶ 9. DIRECTV never identified itself as a debt collector or otherwise. Doc. 6 ¶ 10. Despite explaining it was calling the wrong number, it continued calling his number. Doc. 6 ¶ 14. He has a record of at least 100 calls but there may have been more. Doc. 6 ¶ 14.

Miller adds DIRECTV made the calls "using an automated dialing system." Doc. 6 ¶ 13. He adds he is a "consumer" and DIRECTV is a "debt collector" as the FDCPA and FCCPA define those terms. Doc. 6 ¶¶ 25, 26, 31, 32. He adds DIRECTV

"is in the business of collecting on consumer debts in Florida" and "regularly attempts to collect debts incurred for personal, family or household purposes from consumers." Doc. 6 ¶¶ 3, 4. And he adds DIRECTV was claiming, attempting, or threatening "to enforce a debt [knowing] that the debt is not legitimate, or asserting the existence of some other legal right [knowing] the right does not exist." Doc. 6 ¶ 33.

DIRECTV argues for dismissal, a transfer, or a stay under the first-filed rule based on *Brown v. DIRECTV, LLC, etc.*, No. 2:13-cv-1170-DMG-E (C.D. Cal.). There, Jenny Brown is suing DIRECTV, the CMI Group, Inc., the CMI Group GP, LLC, and Credit Management, LP, and seeking class-action status for asserted violations of the TCPA and Federal Communications Commission (FCC) regulations. Doc. 12-1. She proposes the following class:

> All persons residing within the United States who, on or after four years prior to the filing of this action, received a non-emergency telephone call(s) from DIRECTV and/or its third-party debt collectors regarding a debt allegedly owed to DIRECTV, to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide the cellular phone number called on any initial application for DIRECTV service.

Doc. 12-1 at 11. The court stayed the case pending petitions before the FCC and mediation. Docs. 198, 203 (*Brown*). The FCC has since decided the petitions and the mediation has since failed, but DIRECTV has stated it will file a motion to continue the stay pending an appeal in *ACA International v. FCC,* No. 15-1211, in the United States Court of Appeals for the District of Columbia. *See* Doc. 205 (*Brown*).

DIRECTV contends dismissal, a transfer, or a stay is warranted because Miller "falls within the Jenny Brown Action class definition as he alleges that he received

autodialed debt collection calls to his cellular from DIRECTV and that he had no prior business relationship with DIRECTV." Doc. 12 at 8. It contends the cases present the same issue: "whether DIRECTV would have violated the TCPA by calling (or having others call on its behalf) numbers that once belonged to subscribers, but that had (without DIRECTV's knowledge) been recycled to a new person."[1] Doc. 12 at 10−11.

Miller observes *Brown* has not been certified as a class action, he could opt out of any eventual class, and his damages differ from Brown's. Doc. 13 at 5–7. He contends the Court should not compel him to litigate there because he cannot afford to litigate there, he has no contacts there, he has a right to bring the action himself here, he has a right to counsel of his choosing, and he has a right to participate in settlement negotiations. Doc. 13 at 6.

---

[1]DIRECTV filed a declaration to support its contention that Miller's claims are already encompassed in *Brown*, through which it explains the following facts. It provides digital television services nationwide. Doc. 12-2 ¶ 2. To obtain services, subscribers must order equipment and a programming package, which is usually done by telephone or the internet. Doc. 12-2 ¶ 2. It has over 20 million subscribers. Doc. 12-2 ¶ 3. They must provide preferred telephone numbers for contact. Doc. 12-2 ¶ 4. It may call them at those numbers for various reasons. Doc. 12-2 ¶ 3. They agree to provide accurate, current, and complete contact information and to receive calls at the provided numbers. Doc. 12-2 ¶ 4; Doc. 12-2 at 8−9. It maintains a database of the numbers. Doc. 12-2 ¶ 5. It and its vendors call only those numbers for business purposes. Doc. 12-2 ¶ 6. The number Miller's counsel provided is in the database. Doc. 12-2 ¶¶ 7, 8. The number had been provided to DIRECTV by a new subscriber in June 2005 and has been on the subscriber's account since. Doc. 12-2 ¶¶ 8, 9. DIRECTV received no inbound call complaining of wrong-number calls at the number. Doc. 12-2 ¶ 10. It removed the number from the database to ensure cessation of any call from it to the number. Doc. 12-2 ¶ 11. The declaration does not include any information about Jenny Brown's telephone number or phone calls to it. DIRECTV, however, argues the action also involves "wrong-number" calls from it. Through the declaration, DIRECTV's contention it and its vendors only call numbers on its subscriber database would also apply to Brown.

DIRECTV points out Miller does not dispute he would be a member of the putative class in *Brown* and does not address authority it cited on the first-filed rule. Doc. 16 at 4. It argues application of the rule would promote judicial economy by allowing the first-filed action to proceed rather than waiting until some future date when Miller may opt out of the class. Doc. 16 at 4–5. It argues he, as the objecting party, must present compelling circumstances to warrant an exception to the first-filed rule, but he has not. Doc. 16 at 5.

Under the first-filed rule, "when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." *Collegiate Licensing Co. v. Amer. Cas. Co. of Reading*, 713 F.3d 71, 78 (11th Cir. 2013). The rule avoids waste of duplication, rulings that may trench on the authority of other courts, and piecemeal resolution of issues that call for uniform results. *West Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985). Application of the rule—equitable in nature—is discretionary. *Collegiate Licensing Co.*, 713 F.3d at 80.

The first-filed rule has no place in this action. Miller lives here and sues here. He sues as an individual and does not seek to represent others. He is not a party in *Brown* and has said he will opt out if a class is certified in *Brown*, resulting in no sparing of judicial resources, just a delay in claims resolution. He has not sued the other defendants in *Brown* and brings claims not asserted in *Brown*. *Brown* has been pending for over three years and may be stayed for longer. There is no indication he filed the case here to avoid the forum there. That there is one overlapping party and

6

one possible overlapping issue (TCPA liability for unknowingly calling a once-provided but now-recycled number) is an insufficient reason to apply the rule. The requested relief under the first-filed rule—dismissal, transfer, or stay—is unwarranted.[2]

For its request for dismissal under Rule 12(b)(6), DIRECTV argues Miller alleges insufficient facts to establish a plausible claim under the TCPA because he alleges insufficient facts it had used an automatic telephone dialing system within the four-year limitation period. Doc. 12 at 4–5. It argues he fails to state a claim against it under the FDCPA because the Act does not apply to original creditors who seek to collect debts owed to them. Doc. 12 at 5–6. And it argues he alleges insufficient facts to establish a plausible claim under the FCCPA because he alleges insufficient facts that DIRECTV tried to enforce another's debt against him, insisted he is responsible for another's debt, or claimed non-existent rights as to him. Doc. 12 at 5.

Miller disagrees. He explains he does not know as fact DIRECTV uses an automatic telephone dialing system but his allegations must be taken as true and he can obtain factual support through discovery. Doc. 13 at 4. He contends DIRECTV uses CMI Group, Inc., for collection calls, which may establish liability under the

---

[2]The Eleventh Circuit has said this about the first-filed rule: "Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule. … Moreover, we require that the party objecting to jurisdiction in the first-filed forum carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). Because the first-filed rule has no place here, the corresponding presumption and burden do not either.

FDCPA. Doc. 13 at 5. He does not address DIRECTV's argument regarding his FCCPA claim. *See generally* Doc. 13.

DIRECTV observes Miller failed to respond to its argument it is not a debt collector or provide authority for his theory that using a vendor to collect its own debt renders the FDCPA applicable to a creditor. Doc. 16 at 1. It argues Miller appears to concede he has no facts to believe it called him using an automatic telephone dialing system, speculates a company with millions of customers would use one, and relies on future discovery without facts for his belief. Doc. 16 at 2–3. Citing *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012) (unpublished), it argues because an automatic telephone dialing system is an element of a TCPA claim, he must allege facts like whether there was a pause upon answering or the content of pre-recorded messages. Doc. 16 at 3–4.

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It does not require detailed factual allegations but demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Allegations must be more than just "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"; they must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the factual allegations permit the court to reasonably infer that the alleged misconduct was unlawful. *Id.*

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." To decide a Rule 12(b)(6) motion, a court may consider only the factual allegations, anything attached to the complaint, anything extrinsic to the complaint that is central to the claim and without challenge to its authenticity, and any judicially noticeable facts. *United States ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 (11th Cir. 2015). The court must accept as true factual allegations and construe them in the light most favorable to the non-movant. *Fuller v. SunTrust Banks, Inc.*, 744 F.3d 685, 687 n.1 (11th Cir. 2014), *abrogation on other grounds recognized in Stargel v. SunTrust Banks, Inc.*, 791 F.3d 1309, 1311 (11th Cir. 2015). "A Rule 12(b)(6) dismissal on statute of limitation grounds is appropriate if it is apparent from the face of the complaint that it is time-barred." *Gonsalvez v. Celebrity Cruises, Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013) (internal quotation marks omitted).

Accepting the factual allegations in the amended complaint as true and construing them in the light most favorable to Miller while disregarding the legal conclusions in the amended complaint and the facts in the declaration submitted by DIRECTV, he alleges sufficient facts to establish a plausible claim under the TCPA but not under the FDCPA or the FCCPA.

For the TCPA claim, the mere conclusion that DIRECTV used an automatic telephone dialing system, Doc. 6 ¶ 13, would not establish a plausible claim if standing alone. But there is more here that does: Miller's allegations he has used the number since January 2009 and continuing past November 2014, the 100-plus calls

began in January 2010, and "he was eventually routed to a human being" when he answered a call. Doc. 6 ¶¶ 8, 9, 14. The latter allegation suffices to establish a plausibility that DIRECTV used an automatic telephone dialing system, and considering all of the allegations, it is not *apparent* from the face of the amended complaint that the four-year statute of limitation—reaching back to March 2011—bars the claim. Dismissal of the TCPA claim is unwarranted.

In contrast, for the FDCPA and FCCPA claims, the amended complaint includes only a formulaic recitation of the elements of the claims with insufficient factual allegations. Although Miller alleges he had no delinquent debt or account in collection, Doc. 6 ¶ 12, he does not allege the content of any call indicating debt-collection activity, like a demand for payment or a threat of action absent payment. Although he alleges DIRECTV regularly tries to collect consumer debts, Doc. 6 ¶ 4, he does not allege it tried to collect debts owed to another. Although he alleges DIRECTV is in the business of collecting consumer debts, Doc. 6 ¶ 3, he does not allege its principal business is the collection of consumer debts. Although he alleges DIRECTV never identified itself, Doc. 6 ¶¶ 10, 27(b), he does not allege it was collecting on debts under another name. Although he explains he has learned DIRECTV uses another company for collection calls, Doc. 13 at 5, the Court cannot consider his representations to determine the sufficiency of his allegations on the motion to dismiss. Dismissal of the FDCPA and FCCPA claims, without prejudice, is warranted.

The Honorable Brian Davis previously denied the parties' joint motion to stay discovery, Doc. 22, and denied Miller's request to amend his pleading (which he had summarily made within his response to the motion to dismiss) without prejudice to filing a proper motion, Doc. 18. He has not since filed a motion for leave to amend his pleading, and the time for amendment passed two months ago, Doc. 34. Any motion for leave to amend must address the applicable standard. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 & n.2 (11th Cir. 1998); *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015).

The Court thus **grants** DIRECTV's motion, Doc. 12, to the extent the FDCPA and FCCPA claims are dismissed without prejudice but otherwise **denies** it. DIRECTV must respond to the TCPA claim by **March 18, 2016**.

**Ordered** in Jacksonville, Florida, on March 2, 2016.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:     Counsel of Record